E-SERVED
09/07/04
04:24 PM ET
Baycol MDL 1431

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re BAYCOL PRODUCTS LITIGATION | MDL No. 1431 (MJD/JGL) |
| This Document Relates to: | |
| Jack Hartman v. Bayer AG, et al. | Case No. 01-2406 |
| Consuelo Batrix v. Bayer AG, et al. | Case No. 02-4410 |
| Ysabel Martinez v. Bayer AG, et al. | Case No. 02-4413 |
| Mary Ruiz v. Bayer AG, et al. | Case No. 02-4419 |
| Robert Leidner v. Bayer AG, et al. | Case No. 03-4539 |

**DEFENDANTS' CONSOLIDATED MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTIONS TO DISMISS**

Plaintiffs' motions to dismiss without prejudice are moot as to four plaintiffs and should be denied as to the fifth.[1] Plaintiffs Hartman, Batrix, Martinez, and Ruiz filed their motions *after* missing their *final* deadline to produce Supplemental Discovery Disclosures pursuant to PTO 114. Their cases now have been dismissed with prejudice pursuant to the procedures established by this Court in PTO 114. *See* Order of August 31, 2004 (Ex. A).

The remaining plaintiff, Leidner, seeks dismissal without prejudice on the ground that litigation costs too much. This argument for evading PTO 114 is addressed in Defendants' Consolidated Memorandum in Opposition to [Aylstock, Witkin &

[1] Counsel has moved for dismissal of the five captioned Plaintiffs in two separate motions. Defendants respond to these two motions with this Consolidated Opposition.

E-SERVED
09/07/04
04:24 PM ET
Baycol MDL 1431

Sasser] Plaintiffs' Motions to Dismiss (Ex. B), and should be denied for the reasons set forth therein.

More specifically, plaintiffs Hartman, Batrix, Martinez, and Ruiz were required to serve Supplemental Discovery Disclosures upon Defendants by June 7, 2004. *See* PTO 114 § III.[2] They did not, so this Court ordered them and other such plaintiffs to produce Supplemental Discovery Disclosures by August 10, 2004, or their cases would be dismissed *with prejudice*. *See* Order of July 27, 2004, at 2 (Ex. C). Again, plaintiffs produced nothing. On August 17, 2004, one week after the *final* deadline, these four plaintiffs filed the present motions. Those motions did not mention the missed deadlines.

Meanwhile, pursuant to PTO 114 § VI, the PSC and defendants met and conferred and stipulated to dismiss *with prejudice* the claims of 261 plaintiffs who had failed to comply with PTO 114, including these four movants. *See* Letter and Proposed Order from Mizgala to Lebedoff of 8/23/04 (Ex. D). The stipulated, proposed order was entered by this Court on August 31, 2004. *See* Order (Ex. A). Thus, plaintiffs' pending motions to dismiss without prejudice are moot.

Plaintiff Leidner is seeking to evade his PTO 114 discovery obligations before that discovery is due, on September 20, 2004. *See* PTO 114 § III(A). Although

---

[2] Plaintiff Hartman is Plaintiff No. 98 on Exhibit A to this Court's Order of July 27, 2004 (Ex. C). Plaintiffs Batrix, Martinez, and Ruiz are Nos. 242, 243, and 245, respectively, on the same Exhibit.

E-SERVED
09/07/04
04:24 PM ET
Baycol MDL 1431

his counsel represent more than 200 individual plaintiffs in this MDL,[3] counsel argues that, as to Leidner, litigation is too expensive. *See* Pls. Motion at ¶ 2. This is the same flimsy rationale offered by certain plaintiffs represented by the Aylstock law firm who also seek dismissal of their actions without prejudice. Plaintiffs should not, however, be allowed to file suit, impose litigation costs on defendants, and then, when required to support their own claims, walk away with the ability to sue another day. For this reason and the other reasons identified in Defendants' Consolidated Memorandum in Opposition to [Aylstock, Witkin & Sasser] Plaintiffs' Motions to Dismiss (*see* Ex. B), this Court should deny Plaintiff Leidner's motion to dismiss without prejudice or, alternatively, should dismiss his action *with* prejudice.[4]

**CONCLUSION**

For these reasons, Defendants respectfully request that the Court deny the motions to dismiss Plaintiffs Hartman, Batrix, Martinez, and Ruiz as moot. Defendants also respectfully request that this Court deny Plaintiff Leidner's motion to dismiss or, in the alternative, convert his motion to dismiss *without* prejudice into a dismissal *with* prejudice.

Dated: September 7, 2004

---

[3] Plaintiffs are represented by three firms – Federman & Sherwood, Strong, Martin & Associates, PLLC, and Hasbrook & Hasbrook.

[4] If this Court decides to convert Plaintiff Leidner's requested dismissal into a dismissal with prejudice, Plaintiff Leidner must be given notice of that decision and a chance to withdraw his dismissal request. *See Jaramillo v. Burkhart*, 59 F.3d 78, 79 (8th Cir. 1995).

E-SERVED
09/07/04
04:24 PM ET
Baycol MDL 1431

Respectfully submitted,

/signature on file/

Susan A. Weber
James W. Mizgala
SIDLEY AUSTIN BROWN & WOOD LLP
Bank One Plaza
10 South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Philip S. Beck
Adam Hoeflich
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60603
(312) 494-4400

Gene C. Schaerr
SIDLEY AUSTIN BROWN & WOOD LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

Richard K. Dandrea
ECKERT SEAMENS CHERIN & MELLOTT, LLC
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA. 15219
(412) 566-6000

Peter W. Sipkins (No.101540)
DORSEY & WHITNEY LLP
Suite 1500
50 South Sixth Street
Minneapolis, MN 55402
(612) 340-2600

*Counsel for Bayer Corporation and Bayer AG*

/signature on file/

Scott A. Smith
Tracy J. Van Steenburgh
HALLELAND LEWIS NILAN SIPKINS & JOHNSON, P.A.
220 South Sixth Street, Suite 600
Minneapolis, Minnesota 55402-4501
(612) 338-1838

Fred T. Magaziner
DECHERT LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103
(215) 994-4000

*Counsel for SmithKline Beecham Corp. d/b/a GlaxoSmithKline*